[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties in this contentious post judgment proceeding have filed motions for contempt, for counsel fees and to modify prior visitation CT Page 13032 orders. The parties have a minor child issue of the marriage (which was dissolved in February 1995), whose emotional well-being has been affected by her parents behavior and especially by the behavior of the mother, Barbara Janik. The child, Rachel Janik is now nine years old (DOB 11-20-91). In January, 1999 this court (Steinberg J.), entered post judgment orders granting sole custody of Rachel to the plaintiff father, with a specific visitation schedule. He also ordered Mrs. Janik to undergo a psychiatric evaluation by Doctor Selig of Glastonbury. He further ordered that Rachel continue her counseling with Michael Pines (PHD), a licensed psychologist who had been working with Rachel since April 1998. He further ordered the parties to share the costs of Doctor Pines' treatment of Rachel. Other relevant orders included an order of child support of $115 per week and payment of an outstanding balance of approximately $30 to Doctor Mordavsky; payment of $50 per month to Attorney Thomas Fiorentino, the guardian ad litem, and notification by the mother of her employment status on specific dates.
The Court will first take up the plaintiffs motions:
1. Plaintiff's Post Judgment Motion for Modification of Judgment.
 In this motion, dated April 3, 2000, the plaintiff asks that the defendant's visitation be suspended on the grounds that she has been manipulating the child to tell lies to her teacher and therapist to the effect that the father is abusive to her, in an effort to regain primary residence or at least more access. At the hearing, however, the father asked for supervised visits as recommended by both Doctor Pines and Attorney Fiorentino, the guardian ad litem.
 There was substantial credible evidence presented to support the request for supervised visits.
 Doctor Pines has been treating Rachel for depression and anxiety since April 1998. The cause of the child's distress is that the defendant wanted her to tell lies about her father to her teacher and to Pines, to say that her father beats her and that she wanted to spend more time with the mother. She also reported that her mother yells at her often and scares her and that she doesn't feel safe with the mother. The mother's irrational behavior is causing more and more stress to Rachel. The guardian corroborates Doctor Pine's report that the mother has asked her to lie about the father, and that she feels safe when her visits with CT Page 13033 the mother are supervised.
 The mother, while denying doing any of these things, claims none of the things testified to in great detail by Doctor Pines and Attorney Fiorentino are true. She seems to have little insight or concern that her behavior is taking its emotional toll on the child. Judge Steinberg attempted to address her inappropriate behavior by ordering a psychiatric exam, which order is pending on appeal. Under these circumstances and given the continuing impact to the child, this Court concludes the best interest of the child requires supervised visits and grants the motion to modify as follows:
 The defendant mother shall have supervised visitation with the minor child. The supervisor shall be a neutral party (neither Frances Burns nor her family are appropriate). If the parties cannot agree on the supervision, an agency such as Kidsafe should be used. The visits shall be not longer than six hours every other weekend and Wednesday after school to 6 p.m. The defendant shall be responsible for any costs of supervision.
2. Post Judgment Motion for Contempt — Violation of Court Orders:
(Dated April 3, 2000)
 This motion seeks a contempt for the defendant's failure to cooperate with the psychiatric evaluation ordered by Judge Steinberg and to meet with Richard Fischer, a licensed family therapist.
 This motion is denied without prejudice. These orders are presently on appeal and, although, she has not requested a stay, the matter was reportedly argued to the Appellate Court and the Court declines to make a ruling at this time. This Court does, however, express concern as to the mother's emotional stability and the effect on the child.
3. Seventh Motion for Contempt: (Dated June 30, 2000)
 Judge Steinberg ordered Mrs. Janik to pay Doctor Mordavsky the outstanding balance of $30 within two weeks. The defendant has wilfully failed to make that CT Page 13034 payment and, in order to protect his credit the plaintiff paid Doctor Mordavsky directly. The defendant is in contempt and shall be incarcerated until she reimburses the plaintiff directly the sum of $27.92 (the actual amount paid). She shall turn herself into the Court on November 6, 2000 at 10:00 a.m. to be confined unless said sum is paid prior thereto.
4. Post Judgment Modification of Judgment and Counsel Fees.
(Dated August 14, 2000).
 In this motion, the plaintiff seeks a period of uninterrupted summer vacation. The Court agrees that it would be beneficial to the child for an uninterrupted summer vacation and grants the motion to modify as follows:
 The plaintiff shall have one-two week period of uninterrupted summer vacation commencing on a Friday and ending on a Friday two weeks later.
 He shall provide the defendant with not less than thirty days notice of said vacation schedule. (However, if the father does not take his daughter out of state during the vacation period, then the mother's right to visitation shall not be affected). The request for costs/counsel fees of this motion is denied.
The guardian ad litem has filed a motion for contempt as to defendant Barbara Janik re: payment of fees. The plaintiffs seventh motion for contempt also addresses her non-payment of Doctor Pines bill.
The plaintiff claims she is unable to pay these bills. Simply, the Court does not believe her testimony to be credible. She has a college degree and could work as a business consultant — a field in which she has experience — with an earning capacity of approximately $40,000 per year. By choice she has elected to become a real estate agent with uncertain earnings. Her testimony as to her income was vague, evasive and unsubstantiated by credible documentary evidence. Her financial affidavit appears to have been hastily completed in a slap dash manner. For example, she claims to have a net income of $277 weekly and runs a weekly deficit. Yet she testified she has several thousand in the bank (her financial affidavit shows $1500). She apparently has paid the costs of her appeal and shows attorney's fees owed of $6000 (to Attorney CT Page 13035 Fiorentino according to her testimony). She also has recently acquired a sheep dog valued at $1200 to $1500.
The likelihood is that she has not paid Attorney Fiorentino the court ordered $50 per month and Doctor Pines because of her hostility toward them.
The Court makes a finding of contempt for willfully failing to pay Attorney Fiorentino and Doctor Pines. The defendant is ordered to report to the clerk's office on November 6, 2000 at 10 a.m. for incarceration until she purges herself of contempt. The purge amount is $1000 to each Doctor Pines and Attorney Fiorentino. The defendant shall, effective November 1, 2000 pay each, said providers at the rate of $50.00 per month — due on the 1st of each month until the outstanding balance is paid. (Her claim that she is uncertain of the amount owed to Doctor Pines is not credible. She gets billing statements and explanation of benefits from the insurance carrier).
The defendant has filed three motions dated August 3, 2000, as follows:
1. Motion to Disqualify and for Attorney's Fees.
 Doctor Pines has been treating Rachel since April, 199g. There was no evidence that Rachel is not benefitting [benefiting] from his counseling. In fact, the opposite is true. This motion to disqualify him is denied together with the request for counsel fees.
2. Post Judgment Motion for Contempt and Counsel Fees.
 The motion is denied. The defendant was late in picking up Rachel and the plaintiff placed her with his mother because he had to go to work. No finding of contempt is made and no counsel fees awarded.
3. Motion for Attorney's Fees.
 This was in connection with a motion filed by the plaintiff to modify visitation. The defendant's reasoning for an award of fees is not persuasive — it is denied.
4. Motion for Attorney's Fees. (To defend the plaintiffs motion for contempt).
The motion is denied.
Klaczak, Judge CT Page 13036